[Civ. No. 3532.   Fourth Dist.   Mar. 11, 1947.]

OREN HARTMAN, Appellant, v. EDWIN HUMASON
et al., Respondents.

Mack, Werdel & Bianco for Appellant.

G. V. Weikert for Respondents.

BARNARD, P. J.—This is an action to recover a portion of the proceeds from the sale of two carloads of potatoes.

The defendant Humason was a car-lot distributor and broker dealing in fruit and produce at Los Angeles.   During the season of 1944, the defendant Walker solicited fruit and produce in the vicinity of Kern County to be handled by Humason.   There was an oral agreement between them that they would share equally in the profits or losses resulting from the business thus produced by Walker.   By private arrangement between them an account of such business was carried

on Humason's books as the ''Walker-Humason Company'' account.

The plaintiff was engaged in the business of shipping produce at Bakersfield. On the solicitation of Walker he shipped a total of 35 cars of produce to Humason during this season, to be sold on consignment for his account. Among these were the two cars of potatoes here in question. It is conceded that the net amount due to the plaintiff from the sale of these potatoes was $1,598.40. In accounting therefor, Humason deducted $1,200 on account of another transaction and sent Hartman his check for $398.40 in payment of the balance.

The other transaction referred to, for which this $1,200 was deducted, relates to four cars of onions which were also shipped to Humason for sale on consignment. In that one instance, without the knowledge of Humason, Walker and Hartman had purchased a crop of onions from a grower, agreeing to share equally in the net profit or loss. The onions were shipped by Hartman to Humason, to be sold on consignment in the same way, insofar as Humason knew, as were the potatoes. At .the request of Hartman, conveyed through Walker, Humason advanced to Hartman $300 a car or a total of $1,200 as an accommodation advance on these onions before they were sold. Before that advance was made and as a condition therefor, Hartman guaranteed to Humason that these onions would be of a certain grade under federal marketing regulations. The onions were not of that grade and when they arrived at certain destinations in the east they were found to be spoiled, and were rejected by the prospective buyers obtained by Humason. A number of efforts to salvage something from the onions failed and the result was a complete loss, as far as these four cars of onions were concerned. Humason deducted the $1,200 advanced on the onions from the proceeds of the potatoes.

Hartman brought this action to recover the $1,200 thus deducted. Humason answered denying that anything was due to the plaintiff, and alleging an accord and satisfaction. He also filed a cross-complaint seeking to recover $656.27 from the plaintiff on account of freight charges and brokerage fees in connection with the four cars of onions.

The court found in favor of the defendant Humason with respect to the $1,200. It was found, among other things, that these onions were shipped to Humason on the representation and understanding that they were to be sold on consignment

for the account of Hartman; that Hartman guaranteed that the onions would be of a certain quality; that as an accommodation advance Humason advanced to Hartman $300 on each of these four cars of onions; that none of the cars of onions were of the quality represented and guaranteed by Hartman; that the onions were rejected by the prospective buyers in the East and became a total loss; that Humason became obligated for freight charges and brokerage on these cars of onions which, with brokerage due to him, amounted to $656.21, which amount Hartman refused to pay; that the 35 cars of produce shipped by Hartman to Humason were sent to Humason as a factor to be sold on consignment for the account of Hartman and that all of such transactions were mutual, open and current accounts between them; and that Humason had deducted the sum of $1,200 from the proceeds of the two cars of potatoes and had paid Hartman $398.40 in full payment of the balance due on the said two cars of potatoes. As conclusions of law, it was found that the plaintiff Hartman was entitled to nothing from the defendants, or any of them, and that Humason was entitled to nothing from the cross-defendant Hartman by reason of his cross-complaint. Judgment was entered to that effect, and Hartman has appealed.

The appellant contends that the accommodation advance on the onions was not a proper set-off against the amount due on the potatoes because there was a lack of mutuality between the parties and the debts. It is argued that he was the owner of the potatoes while he and Walker, jointly, were the owners of the onions. And further, that while the accommodation advance on the onions was made by Humason, individually, the potatoes were handled under the joint account arrangement between Humason and Walker; that they were handled by the Walker-Humason Company; that this was a partnership; and that, therefore, the individual advance of Humason on the joint onion account of Hartman and Walker cannot be offset against a partnership debt owed by the Walker-Humason Company to Hartman individually.

While the principle of law contended for by the appellant may be conceded it has no application here under the evidence and the findings. While Walker and Humason had an agreement between themselves for sharing in the profits or losses arising from that part of Humason's business which was produced by Walker in Kern County, it is immaterial whether

or not a partnership existed between them for this limited purpose. There is evidence that Hartman was dealing throughout with Humason, individually, through Walker as his purported agent. The onions and potatoes were shipped and handled in exactly the same manner insofar as Humason knew or was concerned. Humason personally made the advances to Hartman upon the guarantee which was made to him by Hartman. Humason was in no way bound by, or concerned with, the secret arrangement between Hartman and Walker by which Walker shared in the purchase and ownership of the onions. Humason accepted the onions from Hartman and made the advances to him upon his guarantee. The entire transaction was handled as the other transactions had been, as a part of a mutual and current account between Hartman and Humason. It is not contended that any of the findings are without evidentiary support and the findings support the judgment insofar as the $1,200 is concerned.

Under the conclusions reached on the main point raised it is unnecessary to consider the further question raised by appellant as to whether the facts and circumstances were sufficient to constitute an accord and satisfaction.

Since the court found, in effect, that he had become obligated for certain freight and brokerage charges on the cars of onions shipped, and that he had entered on his books a charge for his own brokerage on these onions as against Hartman, the respondent Humason argues that the judgment should be modified by adding thereto a provision awarding him $656.27 as against Hartman. While the findings in this regard are not quite complete they do indicate that Humason should have been allowed to recover on his cross-complaint. However, Humason did not appeal from that part of the judgment which denied him any relief on his cross-complaint and the judgment has become final as to that phase of the case.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.